UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORRAINE GONSALVES, | No. 2:15-cv-0859 TLN CKD PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| LARISA ZEMLYANKIMA, et al., | |
| Defendant. | |

Plaintiff is proceeding in this action pro se and in forma pauperis. Plaintiff has filed a third amended complaint.

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

/////

1

1    In order to avoid dismissal for failure to state a claim a complaint must contain more than
2    "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
3    of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
4    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
5    statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim
6    upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
7    claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
8    the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct.
9    at 1949.  When considering whether a complaint states a claim upon which relief can be granted,
10   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
11   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
12   U.S. 232, 236 (1974).
13       In this action, plaintiff originally alleged claims about an auto accident involving her and a
14   retired police officer and named as defendants several insurance companies, state agencies and
15   the Sacramento Police Department.  Because it appeared that plaintiff alleged only state law
16   claims, plaintiff was advised that a proper basis of subject matter jurisdiction must be alleged.
17   Although the second amended complaint made off-handed references to due process and
18   discrimination, there were no allegations in the complaint from which a basis for federal
19   jurisdiction could be discerned.  Plaintiff was again advised that a proper basis for federal
20   jurisdiction must be set forth in a third amended complaint and that failure to properly plead a
21   basis for subject matter jurisdiction would result in a recommendation that the action be
22   dismissed.  The third amended complaint does not cure the deficiencies found in the prior
23   complaints.  The third amended complaint now names as defendants several different defendants
24   and has transmogrified from a complaint about an auto accident into a prolix undecipherable
25   complaint about how plaintiff's records are maintained.
26       Plaintiff has now filed four complaints.  Plaintiff's third amended complaint again suffers
27   from the deficiencies previously noted with regard to the original, first, and second amended
28   complaints.  In each complaint, plaintiff has failed to allege a proper basis for jurisdiction.  The

1  allegations are also insufficient to put defendants on notice of the basis of the claims brought
2  against them.  Despite repeated opportunities to cure the deficiencies in his complaints, plaintiff
3  has failed to do so.  Moreover, it appears that further amendment would be futile.
4      Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.
5      These findings and recommendations are submitted to the United States District Judge
6  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
7  after being served with these findings and recommendations, any party may file written
8  objections with the court and serve a copy on all parties.  Such a document should be captioned
9  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
10 within the specified time may waive the right to appeal the District Court's order.  Martinez v.
11 Ylst, 951 F.2d 1153 (9th Cir. 1991).
12 Dated:  August 19, 2015

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

18  4 gonsalves0859.tac.57